## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

REVEREND PATRICK J. MAHONEY,

*Plaintiff*,

v.

Case No. _____

THE UNITED STATES CAPITOL POLICE
BOARD, in its Official Capacity; KAREN H.
GIBSON, in her Official Capacity as U.S.
Senate Sergeant at Arms and Doorkeeper and
Chair, Capitol Police Board; WILLIAM J.
WALKER, in his Official Capacity as U.S.
House of Representatives Sergeant at Arms and
Member, Capitol Police Board; J. BRETT
BLANTON, in his Official Capacity as
Architect of the Capitol and Member, Capitol
Police Board; J. THOMAS MANGER, in his
Official Capacity as Chief of Police, Capitol
Police, and Ex-Officio Member, Capitol Police
Board, and JOHN DOEs 1-5, in their Official
and Individual Capacities,

*Defendants*.

## VERIFIED COMPLAINT

1.      Plaintiff, Reverend Patrick J. Mahoney ("Rev. Mahoney") files this civil action,

seeking injunctive and declaratory relief, against Defendants (collectively, the "Government") to

vindicate his rights under federal law, including the First and Fifth Amendments to the United

States Constitution.  Rev. Mahoney is an ordained Presbyterian Minister who seeks to exercise his

constitutional right to conduct a prayer vigil in the traditional public forum of the Western Front

Lawn of the United States Capitol Grounds on September 11, 2021—the twentieth anniversary of

September 11, 2001.  Consistent with Rev. Mahoney's religious views, at the vigil, he seeks to ask God to, among other things, "protect and watch over America and bring healing to our world and build bridges to our Muslim neighbors."

2.       The Government has devised and operates a permitting scheme under which persons seeking to conduct demonstration activity on the Capitol Grounds in groups of twenty (20) individuals or more must obtain a permit to do so.  While the Government has permitted other events on the Capitol Grounds over the past several weeks—including at least one event on the Western Front Lawn—it failed to grant Rev. Mahoney's permit application to hold his proposed prayer vigil without meaningful explanation, other than to say that area was "closed."  This proffered justification is untrue.  Although the Western Front Lawn was "closed" after the events of January 6, 2021, the fence enclosing the Western Front Lawn was removed in July 2021.  By allowing multiple other demonstrations to proceed while not affording Rev. Mahoney the same opportunity, the Government is discriminating against Rev. Mahoney based on the content of his speech in violation of the First Amendment.

3.       Further, the Government's permitting regime acts as a prior restraint on speech and is impermissible because the Government has not demonstrated that it applied narrow, objective, and definite criteria to guide its decision not to issue Rev. Mahoney a permit.  Indeed, to this day, the Government has not explained how it came to the decision to fail to grant Rev. Mahoney's permit application.  Moreover, even taking the Government at its word that the Western Front Lawn is "closed," if the Government has, in fact, "closed" the Western Front Lawn, it has impermissibly created a no-speech zone around the perimeter of the Capitol, an outcome that is not narrowly tailored to any significant governmental interest.  For these reasons too, the

Government has violated Rev. Mahoney's rights to free speech, assembly, and association under the First Amendment.

4.      In addition, the Government has violated Rev. Mahoney's rights to religious freedom and equal protection of the laws.  Refusing to grant a permit to hold a prayer vigil on the Western Front Lawn while permitting other, non-religious activities at the exact same location mere weeks ago is discriminatory against Rev. Mahoney's religion and is without any legitimate justification in violation of the First Amendment, Fifth Amendment, Fourteenth Amendment, and federal statutory law.

5.      An actual controversy exists between the parties involving substantial constitutional and statutory issues.  Speech and religious exercise in traditional public fora is sacred in our form of government.  The Government's policies violate the Constitution by vesting public officials with the authority to decide which speech is appropriate on Capitol Grounds and through the unjustified—and unjustifiable—prior restraint of speech in a traditional public forum.  Thus, Rev. Mahoney respectfully requests the Court's intervention to allow him to exercise his free speech rights appurtenant to and around the Capitol Building, and specifically, the Western Front Lawn.

**JURISDICTION AND VENUE**

6.      This action arises under the First, Fifth, and Fourteenth Amendments to the United States Constitution and the Religious Freedom Restoration Act, 42 U.S.C. § 2000bb.  Subject matter jurisdiction thus exists pursuant to 28 U.S.C. §§ 1331 and 1343.

7.      Rev. Mahoney sought permission from the Government to conduct the prayer vigil on September 11, 2021, on the Capitol Grounds, and specifically, on the Western Front Lawn, which the Government unjustifiably failed to grant.  The subject matter of this dispute is thus

located within the District of Columbia, and venue is proper in the District of Columbia pursuant to 28 U.S.C. § 1391.

## PARTIES

8.      Rev. Mahoney is a resident of the State of Virginia, and an individual who chooses to exercise his First Amendment rights throughout this nation and within the District of Columbia. Rev. Mahoney is an ordained Presbyterian Minister and holds firm the belief that Jesus Christ is Lord and Savior. Rev. Mahoney firmly believes that he has been commissioned by Jesus Christ to spread the good news of the gospel, and to speak out in support of human rights and justice. Rev. Mahoney has requested permission from the Government to use the grounds appurtenant to and around the Capitol Building, specifically, the Western Front Lawn, to exercise his First Amendment rights in the District of Columbia by holding a prayer vigil. The Government informed Rev. Mahoney that he is not permitted to use these grounds to hold the vigil. These acts by the Government have effectively created a no-speech zone in one of the most important traditional public fora in the nation.

9.      Defendants are sued in their official capacities.  On information and belief, Defendants have control and authority over the policies, practices and acts complained of in this Complaint and, specifically, the adoption of the Government's permitting scheme and decisions to grant or fail to grant a permit thereunder.

10.      The United States Capitol Police Board (the "Board") is sued as the oversight body of the United States Capitol Police. The Board oversees and supports the United States Capitol Police in its mission and helps to advance coordination between the Department and the Sergeant at Arms of the House of Representatives and the Sergeant at Arms and Doorkeeper of the Senate, in their law enforcement capacities, and the Congress.  Further, the Board is sued as the entity that

has jurisdiction over the Capitol Grounds and that adopted and applies the rules and regulations applicable to demonstration activity and permitting on the Capitol Grounds.

11.     The Sergeant of Arms of the Senate, Karen H. Gibson, is sued in her Official Capacity as the Sergeant at Arms and Doorkeeper of the United States Senate and in her Official Capacity as the Chair of the Board.

12.     The Sergeant of Arms of the House of Representatives, William J. Walker, is sued in his Official Capacity as the Sergeant at Arms of the United States House of Representatives and in his Official Capacity as a Member of the Board.

13.     The Architect of the Capitol, J. Brett Blanton, is sued in his Official Capacity as the Architect of the Capitol and in his Official Capacity as a Member of the Board.

14.     The  Chief of the Capitol Police, J. Thomas Manger, is sued in his Official Capacity as the Chief of the Capitol Police and in his Official Capacity as Ex-Officio Member of the Board.

15.     John Does 1-5, officers and/or representatives of the Capitol Police, the Board and/or other governmental representatives who adopted the unlawful permitting scheme, who determined that certain areas of the Capitol Grounds should be closed, and who made the decision to unlawfully fail to grant Rev. Mahoney a permit thereunder, are sued in their Official and Individual Capacities.

## STATEMENT OF FACTS

16.     In response to the events of January 6, 2021, the National Guard was mobilized and fences were erected around numerous federal properties, including the Capitol Grounds and Building itself.  The Capitol Grounds were surrounded by two fences—an outer fence and an inner fence.  In March 2021, the outer fence was removed.  In July 2021, the inner fence was removed, which opened the Western Front Lawn.

17.     Since the removal of the fencing in July 2021, demonstration activities have resumed in areas that were previously temporarily closed.  For example, the Board issued a permit allowing the American Conservative Union ("ACU") to hold a rally, which was projected to attract 300 participants, on the Western Front Lawn on July 27, 2021, for the purpose of seeking action by the Biden Administration against the oppressive communist dictatorship in Cuba.  That event went forward as permitted.

18.     After Congress adjourned for its August 2021 recess, House Representative Cori Bush was allowed to hold a demonstration on the Eastern steps in front of the House of Representatives from approximately June 30 – August 3, 2021 in an effort to convince the Biden administration to issue an executive order continuing the residential eviction moratorium first implemented in the wake of COVID-19.  The Eastern steps in front of the House of Representatives is closer to the Capitol Building than the Western Front Lawn, and the demonstration was attended by scores of people during both day and night.

19.     Rev. Mahoney is a peaceful man of God and feels called upon to hold a prayer vigil for the United States on the twentieth anniversary of September 11, 2001, which he believes would attract twenty (20) or more people.  Further, he feels called by God to hold the proposed vigil in the Western Front Lawn, in the shadow of the Capitol Building.

20.     The Government requires groups of twenty (20) or more persons to apply for and obtain a permit in order to exercise their First Amendment rights on the public grounds surrounding the Capitol Building, and specifically, the Western Front Lawn at the Capitol.  Such permits must be obtained from the Board, which has jurisdiction over the Capitol Grounds.  On July 9, 2021, Rev. Mahoney submitted an application for a permit to hold his proposed prayer vigil on the Western Front Lawn on September 11, 2021.  On August 19, 2021, the Government informed Rev.

Mahoney that his permit application "could not be processed" because the Western Front Lawn was "closed."

21.     According to the United Sates Capitol Grounds Demonstration Areas Map, a copy of which is inserted below, the Western Front Lawn is an area where First Amendment activity is permitted:



The Western Front Lawn is the area identified as Area 1 on the map.

22.     The Capitol Grounds, including the Western Front Lawn, are a traditional public forum for free speech.  Indeed, the Western Front Lawn is a central, critical location for free speech expression at the Capitol. This location has a long history of hosting free speech activities.

23.     The Government's refusal to grant Rev. Mahoney permission to exercise his First Amendment rights on the Western Front Lawn works an undue hardship upon Rev. Mahoney and deprives and infringes upon his constitutional and statutory rights.

24.     The Government's acts afford public officials unduly broad discretion in determining whether to grant or fail to grant a permit and/or use of a particular area of the Capitol Grounds, including the Western Front Lawn, which are by long tradition a traditional public forum. The Government claims sole control over whether or not areas of the Capitol Grounds are open or closed, all the while engaging in impermissible constitutional conduct by infringing upon Rev. Mahoney's rights to free speech.

25.     The Government's acts amount to an impermissible prior restraint on Rev. Mahoney's First Amendment rights.

26.     As a result of the Government's conduct, Rev. Mahoney has suffered, is suffering, and will continue to suffer severe, irreparable injuries and violations of his fundamental federal constitutional and statutory rights by virtue of the acts/conduct set forth herein, including but not limited to severe emotional distress, personal indignity, emotional pain, embarrassment, anxiety and anguish.  Moreover, the Government's acts complained of herein chills and deters, and will continue to chill and deter, Rev. Mahoney's exercise of his constitutional and statutory rights.

27.     Unless this Court intervenes, the Government will continue to enforce prior restraints on speech in violation of Rev. Mahoney's First Amendment and statutory rights.

28.     Rev. Mahoney has no plain, adequate, or complete remedy at law to address these violations of his constitutional and statutory rights, and injunctive and declaratory relief are Rev. Mahoney's only means of securing complete and adequate relief. No other remedy would offer Rev. Mahoney substantial and complete protection from continuation of the Government's unconstitutional and unlawful acts, policies, and conduct.

29.     The continued irreparable injury of Rev. Mahoney's fundamental rights is both great and immediate, as the Government's interpretation and application of their continuing

impermissible acts flagrantly violate and impede Rev. Mahoney's federal constitutional rights. The

future chilling of these rights is an absolute certainty unless and until this Court grants the relief

requested herein. Under these circumstances, remedies at law are entirely inadequate.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### Violation of Rev. Mahoney's Constitutional Rights to Freedom of Speech
### as guaranteed by the First Amendment

30.     Rev. Mahoney hereby incorporates by reference all other paragraphs of this

Complaint as though fully set forth herein.

31.     The Capitol Grounds, including but not limited to the Western Front Lawn, are a

traditional public forum.

32.     The Government has promulgated through regulation and practice a scheme for

selectively failing to grant permit applications and use of the Capitol Grounds, including but not

limited to the Western Front Lawn.  The complained of acts and practices allow for the enjoyment

of unduly broad discretion by public officials in determining whether to grant or fail to grant a

permit or request for use of particular public grounds traditionally considered a public forum.

There are no provisions inherent in the acts and present policies that safeguard Rev. Mahoney's

requests for public access from unfettered or unbridled discretion by these public officials in the

determination of granting or failing to grant Rev. Mahoney's requests.

33.     The Government has imposed an unlawful system of prior restraint in violation of

the rights to freedom of speech which are clearly established under the United States Constitution.

34.     The Government's acts and present practices are unconstitutional on their face

and/or as applied.

35.     The Government has discriminated against Rev. Mahoney's speech by failing to

grant him a permit to hold the September 11th vigil while allowing other, different speech to occur.

The Government's discrimination against protected speech is not a narrowly tailored means to serve a compelling government interest.

36.     The Government's refusal to grant Rev. Mahoney a permit is unconstitutional on its face and/or as applied because it discriminates against protected First Amendment speech in a designated public forum.

37.     Rev. Mahoney has no adequate remedy at law and will suffer serious and irreparable harm to his constitutional and statutory rights unless the Government is enjoined.

38.     Rev. Mahoney is entitled to declaratory relief and temporary, preliminary, and permanent injunctive relief invalidating and restraining the Government from violating his constitutional and statutory rights.

39.     Rev. Mahoney is entitled to nominal, compensatory, and punitive damages.

40.     Rev. Mahoney found it necessary to engage the services of private counsel to vindicate his rights under the law.  Rev. Mahoney is therefore entitled to an award of attorneys' fees and costs pursuant to 28 U.S.C. § 2412 and 42 U.S.C. § 1988.

## SECOND CAUSE OF ACTION
### Violation of Rev. Mahoney's Constitutional Rights to
### Freedom of Association and Assembly as guaranteed by the First Amendment

41.     Rev. Mahoney hereby incorporates by reference all other paragraphs of this Complaint as though fully set forth herein.

42.     The acts and present practices of the Government are unconstitutional on their face and/or as applied in that they do not bear a rational relationship to the purpose that the practices and policies are intended to accomplish.

43.     Rev. Mahoney intends to peacefully assembly and exercise his constitutional right to association at a traditional public forum during his planned prayer vigil at the Western Front Lawn.  The Government's acts and practices are preventing him from doing so.

44.     The Government's acts and present practices interfere with Rev. Mahoney's rights to assemble and associate, and the Government should be enjoined from enforcing, effecting, or otherwise implementing the acts and present practices complained of herein.

45.     Rev. Mahoney has no adequate remedy at law and will suffer serious and irreparable harm to his constitutional and statutory rights unless the Government is enjoined.

46.     Rev. Mahoney is entitled to declaratory relief and temporary, preliminary, and permanent injunctive relief invalidating and restraining the Government from violating Rev. Mahoney's constitutional and statutory rights.

47.     Rev. Mahoney is entitled to nominal, compensatory, and punitive damages.

48.     Rev. Mahoney found it necessary to engage the services of private counsel to vindicate his rights under the law. Rev. Mahoney is therefore entitled to an award of attorneys' fees pursuant to 28 U.S.C. § 2412 and 42 U.S.C. § 1988.

### THIRD CAUSE OF ACTION
**Violation of Rev. Mahoney's Constitutional Right to the Free Exercise of Religion as Guaranteed by the First Amendment**

49.     Rev. Mahoney hereby incorporates by reference all other paragraphs of this Complaint as though fully set forth herein.

50.     The Government's acts and policies violate the First Amendment facially and/or as applied. The First Amendment of the Constitution protects the "free exercise" of religion. Fundamental to this protection is the right to gather and worship according to the edicts of one's beliefs.

51.     The Government's acts and policies are neither neutral nor of general application. The Government's restrictions have specifically and explicitly targeted Rev. Mahoney's religious and "faith-based" service and are thus not neutral. The Government has prohibited Rev. Mahoney's religious gathering while allowing non-religious public gatherings.

52.     In addition to the Government's relegation of faith activities to a second-class status, criminal penalties are imposed for violating their acts and policies, which penalties substantially burden Rev. Mahoney's religious exercise by forcing him to choose between his sincerely held religious beliefs and his desire to follow secular rules.

53.     The Government's acts and policies are not "narrowly tailored" to further any compelling governmental interest.  The Government has granted others exemptions to its bans on gatherings on the Capitol Grounds.   The Government may—and therefore must—permit Rev. Mahoney to engage in equivalent religious activities and services.

54.     Rev. Mahoney has no adequate remedy at law and will suffer serious and irreparable harm to his constitutional and statutory rights unless the Government is enjoined from implementing and enforcing their acts and policies.

55.     Rev. Mahoney is entitled to declaratory relief and temporary, preliminary, and permanent injunctive relief invalidating and restraining enforcement of the Government's acts and policies.

56.     Rev. Mahoney is entitled to nominal, compensatory, and punitive damages.

57.     Rev. Mahoney found it necessary to engage the services of private counsel to vindicate his rights under the law. Rev. Mahoney is therefore entitled to an award of attorneys' fees pursuant to 28 U.S.C. § 2412 and 42 U.S.C. § 1988.

**FOURTH CAUSE OF ACTION**
**Violation of Rev. Mahoney's Constitutional Rights to Due Process of Law as Guaranteed by the Fifth Amendment to the United States Constitution**

58.     Rev. Mahoney hereby incorporates by reference all other paragraphs of this Complaint as though fully set forth herein.

59.     The Due Process Clause of the 5th amendment provides that no person shall "be deprived of life, liberty, or property, without due process of law[.]"

60.     The Government's prohibitions burden speech without any clear or precise standards subject to objective measurement or application, but instead are given meaning only through the exercise of unbridled discretion by those responsible for the enforcement of the acts and present practices of the Government complained of herein.

61.     The acts and present practices of the Government are unconstitutionally vague on their face because they allow the Government to refuse to grant the applications or request of Rev. Mahoney for permits and use of public grounds considered traditional public fora prior to and during Rev. Mahoney's planned prayer vigil at the Western Front Lawn of the Capitol on September 11, 2021, thereby depriving Rev. Mahoney of his constitutional rights to free speech.

62.     The acts and present practices of the Government are also unconstitutionally overbroad on their face because they allow the Government to prohibit all First Amendment activity on traditional public forums.

63.     Rev. Mahoney has no adequate remedy at law and will suffer serious and irreparable harm to his constitutional and statutory rights unless the Government is enjoined.

64.     Rev. Mahoney is entitled to declaratory relief and temporary, preliminary, and permanent injunctive relief invalidating and restraining the Government from violating Rev. Mahoney's constitutional and statutory rights.

65.     Rev. Mahoney is entitled to nominal, compensatory, and punitive damages.

66.     Rev. Mahoney found it necessary to engage the services of private counsel to vindicate his rights under the law. Rev. Mahoney is therefore entitled to an award of attorneys' fees pursuant to 28 U.S.C. § 2412 and 42 U.S.C. § 1988.

**FIFTH CAUSE OF ACTION**
**Violation of Rev. Mahoney's Rights to Equal Protection as Guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution**

67.     Rev. Mahoney hereby incorporates by reference all other paragraphs of this Complaint as though fully set forth herein.

68.     The Government's refusal to grant Rev. Mahony a permit to hold a prayer vigil—while allowing other demonstrations—constitutes a violation of Rev. Mahoney's rights to Equal protection of the law as guaranteed by the Fifth and Fourteenth Amendments.

69.     The Government has discriminated against Rev. Mahoney in connection with speech- and religion-related activities in a public forum and the Government's actions were not narrowly tailored to serve substantial state interests.

70.     Rev. Mahoney has no adequate remedy at law and will suffer serious and irreparable harm to his constitutional and statutory rights unless the Government is enjoined.

71.     Rev. Mahoney is entitled to declaratory relief and temporary, preliminary, and permanent injunctive relief invalidating and restraining the Government from violating Rev. Mahoney's constitutional and statutory rights.

72.     Rev. Mahoney is entitled to nominal, compensatory, and punitive damages.

73.     Rev. Mahoney found it necessary to engage the services of private counsel to vindicate his rights under the law. Rev. Mahoney is therefore entitled to an award of attorneys' fees pursuant to 28 U.S.C. § 2412 and 42 U.S.C. § 1988.

## SIXTH CAUSE OF ACTION
### Violation of the Religious Freedom Restoration Act ("RFRA")
### 42 U.S.C. § 2000bb

74.     Rev. Mahoney hereby incorporates by reference all other paragraphs of this Complaint as though fully set forth herein.

75.     Rev. Mahoney's sincerely held religious belief requires him to spread the gospel including by holding a prayer vigil at the Western Front Lawn on September 11, 2021.

76.     When Rev. Mahoney complies with his sincerely held religious beliefs, he exercises religion within the meaning of RFRA.

77.     The Government's policies and acts precluding Rev. Mahoney from worshipping as the edicts of his religion dictate impose a substantial burden on Rev. Mahoney's religious exercise and coerce him to change or violate his sincerely held religious beliefs.

78.     The Government's policies and acts chill Rev. Mahoney's religious exercise within the meaning of RFRE, and they are not narrowly tailored to a compelling governmental interest.

79.     Rev. Mahoney has no adequate remedy at law and will suffer serious and irreparable harm to his constitutional and statutory rights unless the Government is enjoined.

80.     Rev. Mahoney is entitled to declaratory relief and temporary, preliminary, and permanent injunctive relief invalidating and restraining the Government from violating Rev. Mahoney's constitutional and statutory rights.

81.     Rev. Mahoney is entitled to nominal, compensatory, and punitive damages.

82.     Rev. Mahoney found it necessary to engage the services of private counsel to vindicate his rights under the law. Rev. Mahoney is therefore entitled to an award of attorneys' fees pursuant to 28 U.S.C. § 2412 and 42 U.S.C. § 1988.

## PRAYER FOR RELIEF

WHEREFORE, Rev. Mahoney prays this Honorable Court grant the following judgment in Rev. Mahoney's favor and the following relief:

1.     Declaratory relief that the Government's failure to permit Rev. Mahoney's request to exercise his First Amendment rights at the Western Front Lawn of the Capitol Building and for the use of traditional public space involving First Amendment rights would and does violate Rev. Mahoney's rights under the First, Fifth, and Fourteenth Amendments and federal law;

2.      Enter a temporary, preliminary, and permanent injunction requiring the Government, its agents, employees, and all persons acting in concert with them to refrain from utilizing and/or enforcing the acts and present practices relevant to this proceeding; to wit, allowing Rev. Mahoney to exercise his First Amendment rights to engage in his proposed prayer vigil at the Western Front Lawn at the Capitol on September 11, 2021;

3.      In the event that the Government enforces the acts and present practices complained of herein against Rev. Mahoney before this matter can be heard by the Court, that the Court issue an order requiring the Government to refrain from utilization and/or enforcement of the acts and present practices complained of herein and thereafter a permanent injunction would issue against the Government, its agents, employees, and all person acting in concert with them and preclude them from utilizing and/or enforcement of the acts and present practices complained of herein;

4.      Enter temporary, preliminary and permanent injunctive relief to prevent the Government, its officers, agents, employees, and all persons acting in concert with them to be restrained and enjoined from interfering in any manner with Rev. Mahoney's fundamental constitutional and statutory rights of free speech, due process of law, freedom of assembly and association, and religion;

5.      That the Court judge, decree, declare, and render a Declaratory Judgment that the prohibition of Rev. Mahoney's speech and the policies and practices of the Government complained of herein is unconstitutional on its face and/or as applied to suppress Rev. Mahoney's First Amendment rights in violation of the First and Fifth Amendments to the United States Constitution and federal law;

6.      That the Court retain jurisdiction of this matter for the purposes of enforcing the Court order;

7.      That the Court issue the requested injunctive relief without a condition of bond or

surety or other security being required of Rev. Mahoney;

8.      Award Rev. Mahoney nominal, compensatory, and punitive damages;

9.      Award Rev. Mahoney reasonable costs and attorneys' fees pursuant to 28 U.S.C. §

2412 and 42 U.S.C. § 1988; and

10.     Grant Rev. Mahoney such other relief as the Court deems necessary and proper.


Dated: August 31, 2021                          Respectfully submitted,

                                                 _/s Harmeet K. Dhillon_____
                                                Harmeet K. Dhillon
                                                Mark P. Meuser
                                                DHILLON LAW GROUP INC.
                                                177 Post Street, Suite 700
                                                San Francisco, CA 94108
                                                (415) 433-1700

                                                Brian R. Chavez-Ochoa
                                                CHAVEZ-OCHOA LAW OFFICES, INC.
                                                4 Jean Street, Suite 4
                                                Valley Springs, California 95252

                                                Joshua Wallace Dixon (*pro hac vice* pending)
                                                CENTER FOR AMERICAN LIBERTY
                                                5100 Buckeystown Pike, Suite 250
                                                Frederick, MD 21704
                                                (703) 687-6200

                                                *Counsel for Plaintiff Patrick J. Mahoney*

17

I declare under penalty of perjury that the factual allegations in the foregoing Complaint are true and correct.

Executed this 30th day of August 2021.

Rev. Patrick J. Mahoney