IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **REVEREND PATRICK J. MAHONEY,**<br><br>*Plaintiff,*<br><br>v.<br><br>**KAREN H. GIBSON, in her Official Capacity as U.S. Senate Sergeant at Arms and Doorkeeper and Chair, United States Capitol Police Board; WILLIAM P. MCFARLAND, in his Official Capacity as U.S. House of Representatives Sergeant at Arms and Member, United States Capitol Police Board; CHERE REXROAT, in her Official Capacity as Acting Architect of the Capitol and Member, United States Capitol Police Board; and J. THOMAS MANGER, in his Official Capacity as Chief of Police, United States Capitol Police and Ex-Officio Member, United States Capitol Police Board,**<br><br>*Defendants.* | Civil Action No. 21-2314 (JEB)<br><br>**CONSENT DECREE AND ORDER OF PARTIAL DISMISSAL** |

This matter comes before the Court on the Parties' Joint Motion for Entry of Consent Decree and Partial Order of Dismissal. The Court hereby GRANTS the Motion and ORDERS as follows:

WHEREAS, on August 31, 2021, Plaintiff Rev. Mahoney filed this action (the "Lawsuit"), which is now pending against Defendants KAREN H. GIBSON, in her Official Capacity as U.S. Senate Sergeant at Arms and Doorkeeper and Chair of the United States Capitol Police Board (the "Board"), WILLIAM P. MCFARLAND, in his Official Capacity as U.S. House of Representatives Sergeant at Arms and Member of the Board, CHERE REXROAT, in her Official Capacity as Acting Architect of the Capitol and Member of the Board, and J. THOMAS MANGER, in his

Official Capacity as Chief of Police, United States Capitol Police and Ex-Officio Member of the Board (collectively "Defendants"), alleging, among other things, that the Traffic Regulations for the United States Capitol Grounds, Amended February 17, 2019 (the "Traffic Regulations") violated the First and Fifth Amendments to the United States Constitution in several respects as set forth in Rev. Mahoney's Complaint and subsequent amendments thereto, culminating in the Third Amended Complaint (Dkt. 69);

WHEREAS, on April 4, 2023, the Court partially granted Defendants' Motion to Dismiss, dismissing, among other things, Rev. Mahoney's claim that allowing the Board to regulate speech on the Capitol Grounds by way of temporary restrictions, including but not limited to Board Orders, that are not published or otherwise made known to the general public violates the Due Process Clause of the Fifth Amendment (the "Board Order Due Process Claim");[1]

WHEREAS, on July 27, 2023 and September 20, 2023, the Parties mediated this dispute before Magistrate Judge Moxila A. Upadhyaya, where they reached a partial settlement of the Lawsuit in principle, which partial settlement was conditioned upon the Parties arriving at a stipulated set of facts to govern Rev. Mahoney's unsettled claim that the "no-demonstration zone" around the Capitol Building violates the First, Fifth, and Fourteenth Amendments (the "'No Demonstration Zone' Claim");[2] and

WHEREAS, the Parties have now agreed to a stipulated set of facts.

NOW THEREFORE, it is hereby ORDERED, ADJUDGED, and DECREED as follows:

1.      The Court has subject matter jurisdiction under 28 U.S.C. § 1331.

---

[1] This claim is alleged in Count III of the Third Amended Complaint. Count III also contains other claims that are being dismissed by this Order.

[2] This claim is alleged in Counts I, II, and IV of the Third Amended Complaint. Counts I, II, and IV also contain other claims that are being dismissed by this Order.

2.  The Court has personal jurisdiction over Defendants.

3.  Venue is proper in this Court under 28 U.S.C. § 1391.

4.  The Board shall, no later than December 31, 2023, amend the Traffic Regulations as follows (however, Rev. Mahoney acknowledges the Board can still impose temporary security restrictions consistent with the First Amendment):

   a. To provide that Members of Congress are exempt from Section 12 of the Traffic Regulations, but only for demonstration activity conducted by them that meets all three of the following requirements: (a) the demonstration activity is activity in which the Member is engaging in his or her official capacity; (b) the demonstration activity is activity that the Member has organized or sponsored; and (c) if persons other than the organizing or sponsoring Member(s) are participating in the demonstration activity, the Member(s) must personally be in attendance at the demonstration activity at all times for the exemption to last. If the organizing or sponsoring Member(s) departs, the demonstration activity will immediately be subject to Section 12 of the Traffic Regulations. This provision specifically precludes an exemption when a Member of Congress merely advocates for demonstration activity organized or sponsored by others.

   b. To change the size of the group allowed to engage in demonstration activity without a permit from 19 people to 30 people (Traffic Regulations § 12.3, *et seq.*). This change authorizes demonstration activity without a permit in groups of 30 or fewer people in areas designated Green and / or Yellow on the United States Capitol Demonstration Areas Map (Traffic Regulations Appendix G) (the "Demonstration Map").

    c. To change (a) the minimum time period between permit application and proposed demonstration activity from 10 business days to 5 business days (Traffic Regulations §12.4.20) and (b) the "deemed approved" period from 48 hours to 24 hours prior to the proposed demonstration activity (Traffic Regulations § 12.4.30.d).

    d. To remove all references to 40 U.S.C. § 5104(f) or the concepts contained in its provisions (including but not limited to Traffic Regulations § 12.1.30.a and fn. 31).

5. The Third Amended Complaint is hereby partially dismissed, *with prejudice*, to the following extent and on the following terms:

    a. Rev. Mahoney's "No Demonstration Zone" Claim is not dismissed. By that claim, Rev. Mahoney is challenging—and may challenge—the constitutionality, facially and as applied, of three specific areas of the "no demonstration zone" only: (1) the sidewalks at the base of the Eastern Senate steps and the Eastern Senate steps themselves up to the second landing where the divider is presently located; (2) the sidewalks at the base of the Eastern House steps and the Eastern House steps themselves up to the second landing where divider is are presently located; and (3) the paved area at the base of the Eastern Capitol (center) steps and the Eastern Capitol (center) steps themselves up to the first landing where the divider is presently located. While Rev. Mahoney seeks relief as to these three areas only, he may argue, in support of that relief, that the entire "no demonstration zone" is unconstitutional.

b.  Rev. Mahoney may not attempt to revive, in this Court, the Board Order Due Process Claim, which was previously dismissed, but Rev. Mahoney is not precluded from appealing the dismissal of this claim upon entry of a final judgment in the Lawsuit or from pursuing that claim in this Court if the dismissal is vacated or reversed by the Court of Appeals. Rev. Mahoney may not attempt to revive any other claims that were previously dismissed, nor may he seek to appeal the dismissal of any other previously dismissed claims.

c.  The provisions set forth in Paragraph 4 above shall not prejudice or affect in any way Rev. Mahoney' argument in support of these preserved claims, including but not limited to Rev. Mahoney's argument that the fact the Board allows members of Congress to organize or sponsor demonstration activity in the "no demonstration zone"—whether alone, with other members of Congress, or with non-members of Congress—undermines any assertion by Defendants that allowing demonstration activity in the "no demonstration zone" presents a security threat or is otherwise not feasible.

d.  Other than Rev. Mahoney's "No-Demonstration Zone" Claim, the other remaining claims in the Third Amended Complaint are dismissed, *with prejudice*, but Rev. Mahoney shall be precluded only from again bringing the claims that are actually alleged in the Third Amended Complaint. Rev. Mahoney is not precluded from, among other things, bringing future claims arising from future denials of Rev. Mahoney's future permit applications to conduct future demonstration activity on the Capitol Grounds or claims arising

        out of the Board's temporary 250-person crowd-size limitation in Area 1 and 150-person crowd-size limitation in Areas 8-11 that are now in place.

    e. If any of the revisions to the Traffic Regulations contemplated in Paragraph 4 are not made, if the Traffic Regulations are further amended after the revisions contemplated in Paragraph 4 are made due to security or other concerns, or if the revisions contemplated in Paragraph 4 are otherwise rendered ineffective, temporarily or permanently, because of a contradictory or conflicting Board Order, other Board action, or Act of Congress, Rev. Mahoney is not precluded from challenging, in the Lawsuit or otherwise, the failure to make the revision or the provision that deviates from the revisions contemplated in Paragraph 4.

6. The Parties shall not be authorized to take discovery from one another in connection with Rev. Mahoney's "No-Demonstration Zone" Claim. Instead, the Parties have agreed upon a stipulated set of facts that will govern the adjudication of that claim. Other than the stipulated set of facts and material that is the proper subject of judicial notice, the parties may not introduce any evidence in connection with Rev. Mahoney's "No-Demonstration Zone" Claim; provided, however, that Rev. Mahoney may introduce a supplemental declaration if his standing becomes an issue.

7. The briefing schedule for the Parties' cross-motions for summary judgment on Rev. Mahoney's "No-Demonstration Zone" Claim is as follows:

    a. Rev. Mahoney's Motion and Memorandum in Support shall be due on January 15, 2024;

    b. Defendants' combined Motion and Memorandum in Support / Opposition to Rev. Mahoney's Motion shall be due on February 15, 2024;

    c. Rev. Mahoney's combined Reply to Defendant's Opposition / Opposition to Defendants' Motion shall be due on March 7, 2024; and

    d. Defendants' Reply to Rev. Mahoney's Opposition shall be due on March 28, 2024.

8. The Board shall enforce 40 U.S.C. § 5104(f) in a manner that is consistent with the United Sates Constitution and operative precedent, including but not limited to *Jeannette Rankin Brigade v. Chief of Capitol Police*, 342 F. Supp. 575, 583–84 (D.D.C. 1972), *aff'd* 409 U.S. 92 (1972).

9. The Parties will bear their own fees and costs with respect to the claims previously dismissed or dismissed by this Order.

10. The Court shall retain jurisdiction of this matter for the purposes of construction, modification, and enforcement of this Consent Decree and Order, and for purposes of adjudicating Rev. Mahoney's "No-Demonstration Zone" Claim and any other related matter, including a claim by Rev. Mahoney, consistent with the terms of this Consent Decree and Order.

IT IS SO ORDERED.

                                                                                                      _____
                                                                               The Honorable James Emmanuel Boasberg
                                                                               Chief Judge, United States District Court

December 28, 2023

We consent:

                                          */s/Joshua Wallace Dixon*
Joshua Wallace Dixon, SC Bar #75815
Eric Arthur Sell, D.C. Bar # 1742565
CENTER FOR AMERICAN LIBERTY
1311 S. Main Street, Suite 207
Mount Airy, MD 21771
(703) 687-6200
jdixon@libertycenter.org

Harmeet K. Dhillon, D.C. Bar # CA00078
Mark P. Meuser, D.C. Bar # CA00081
DHILLON LAW GROUP INC.
177 Post Street, Suite 700
San Francisco, CA 94108
(415) 433-1700

*Counsel for Plaintiff Patrick J. Mahoney*

December 28, 2023

We consent:

MATTHEW M. GRAVES, D.C. Bar #418052
United States Attorney

BRIAN P. HUDAK
Acting Chief, Civil Division

/s/ Kenneth Adebonojo
KENNETH ADEBONOJO, N.J. Bar #00676-2001
Assistant United States Attorney
Civil Division
U.S. Attorney's Office for the District of Columbia
601 D Street, N.W.
Washington, D.C. 20530
Telephone: (202) 252-2562
kenneth.adebonojo@usdoj.gov

*Counsel for Defendants*

December 28, 2023