UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PATRICK J. MAHONEY,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES CAPITOL POLICE BOARD, *et al.*,<br><br>    Defendants. | Civil Action No. 21-2314 (JEB) |

**MEMORANDUM OPINION**

    Plaintiff Patrick J. Mahoney brought this First Amendment challenge to the U.S. Capitol Police Board's near-total prohibition on expressive activities that take place on the lower Eastern Steps of the Capitol building. He has since prevailed two times over: once when the Court granted summary judgment in his favor, entering a permanent injunction prohibiting any and all enforcement of the Board's regulation at the base of the Eastern Steps, and again when the Court denied Defendants' Motion for Reconsideration. Undeterred, Defendants — the U.S. Capitol Police Board's individual members — now seek a partial stay of that injunction as to people other than Mahoney pending their noticed appeal to the D.C. Circuit. The third time is the charm, as the Court sides with the Board members and finds that the relevant factors weigh in favor of a partial stay. It will, accordingly, grant Defendants' Motion.

**I.    Background**

    To avoid spilling yet more ink, the Court will not again rehash the legal and factual background of this litigation. For those interested in its circuitous journey, the full saga is

1

recounted in the Court's previous Opinions.  See, e.g., Mahoney v. U.S. Capitol Police Bd. (Mahoney V), 2024 WL 2252178 (D.D.C. May 17, 2024).  Here, the Court sets out only a few basic points of procedural history.

Mahoney, a clergyman who seeks to hold prayer vigils and other demonstrations on the grounds of the United States Capitol, filed this lawsuit to challenge Capitol Police Board regulations forbidding such activity.  See ECF No. 99-1 (Stip.), ¶¶ 35–40; ECF No. 1 (Compl.). Following years of litigation — including a settlement and consent decree as well as voluntary dismissal of several of Mahoney's claims — the parties agreed to skip over discovery and brief summary judgment on the basis of stipulated facts.  See ECF No. 92 (Consent Decree), ¶¶ 4–7. On summary judgment, the only regulation at issue was the Board's designation of the bottommost portion of the Capitol's Eastern Steps as a "No Demonstration Zone."  See Consent Decree, ¶¶ 4–7; ECF No. 69 (3d Am. Compl.), ¶¶ 97, 160.  Plaintiff contended that this blanket prohibition violated the First Amendment.  See ECF No. 97-1 (Pl. MSJ) at 19–43.  He thus asked the Court to enter a permanent injunction to prevent the Board from enforcing this portion of the regulations "insofar as it prohibits demonstration activity on the Eastern Steps."  Pl. MSJ at 44.

The Court agreed with Mahoney.  It held that the Eastern Steps were a public forum and that the near-total demonstration ban was unconstitutional.  Mahoney V, 2024 WL 2252178, at *9–11.  The Court then found that the equitable factors guiding the permanent-injunction analysis uniformly weighed in favor of an injunction.  Id. at *11–12; see also ECF No. 111 (Order) ("Defendants are permanently ENJOINED from enforcing [the] prohibition as to [the bottommost] portion of the Eastern Steps.").

Dissatisfied, the Board members moved for reconsideration and asked the Court to narrow the scope of its injunction to Plaintiff alone.  See ECF No. 116 (Mot. for Recon.).  The

Court denied that Motion, holding that it possessed jurisdiction to enter the permanent injunction and that Defendants (then lacking an admissible declaration) had failed to establish a need to prevent manifest injustice or correct a clear error. Mahoney v. U.S. Capitol Police Bd., 2024 WL 4235429 (D.D.C. July 31, 2024). About a month later, on September 5, 2024, Defendants filed their Notice of Appeal. See ECF No. 127 (Notice of Appeal). The same day, they filed the instant Motion asking the Court to partially stay its Order pending appellate review. See ECF No. 128 (Mot. for Stay). Defendants seek a stay only as to nonparties and only until the Inauguration of the President in January 2025. Id. at 1. Under Defendants' proposed stay, Mahoney would be permitted "to engage in his desired demonstration activities that formed the basis for this lawsuit." Id. at 2. In other words, Mahoney could still demonstrate on the lower Eastern Steps with two to four other people, but the Board could enforce its regulations against all other demonstrations.

**II.     Legal Standard**

The party seeking a stay pending appeal bears the burden of justifying it based upon the following factors: "(1) the likelihood that the party seeking the stay will prevail on the merits of the appeal; (2) the likelihood that the moving party will be irreparably harmed absent a stay; (3) the prospect that others will be harmed if the court grants the stay; and (4) the public interest in granting the stay." Cuomo v. U.S. Nuclear Regul. Comm'n, 772 F.2d 972, 974, 978 (D.C. Cir. 1985). This familiar test is "'essentially the same' as the test for a preliminary injunction, 'although courts often recast the likelihood of success factor as requiring only that the movant demonstrate a serious legal question on appeal where the balance of harms favors a stay.'" Citizens for Resp. & Ethics in Wash. v. Off. of Admin., 565 F. Supp. 2d 23, 25 n.1 (D.D.C. 2008) (quoting Al-Anazi v. Bush, 370 F. Supp. 2d 188, 193 & n.5 (D.D.C. 2005)). In assessing

3

the propriety of a stay, the Court bears in mind that it is an "extraordinary remedy," Cuomo, 772 F.2d at 978, that is "not a matter of right, even if irreparable injury might otherwise result" to the movant. Nken v. Holder, 556 U.S. 418, 427 (2009) (internal quotation marks and citation omitted). Instead, a stay is "an exercise of judicial discretion" that turns upon the particular circumstances of each case. Id. at 433 (citation omitted).

### III. Analysis

#### A. Success on Merits

In considering the four factors, the Court begins with the likelihood of Defendants' success on appeal. As the Board members diplomatically acknowledge, the Court has already rejected their position twice. See Mot. for Stay at 5. While the Court remains convinced that its previous Opinions correctly resolved the issues, Defendants need not persuade it that it erred and will likely be reversed — an acknowledgment one would expect few courts to make. Instead, so long as the other factors strongly favor a stay, such remedy is appropriate if "a serious legal question is presented." Loving v. IRS, 920 F. Supp. 2d 108, 110 (D.D.C. 2013) (quoting Citizens for Resp. & Ethics in Wash. v. Off. of Admin., 593 F. Supp. 2d 156, 160 (D.D.C. 2009)); see also Wash. Metro. Area Transit Comm'n v. Holiday Tours, Inc., 559 F.2d 841, 843–44 (D.C. Cir. 1977). The Court concedes that such a question is presented here. "If the other factors tip in favor of a stay, therefore, this factor will not preclude one." Loving, 920 F. Supp. 2d at 110.

#### B. Irreparable Harm

To establish the existence of the second factor, the movant must demonstrate that the injury is "of such imminence that there is a 'clear and present' need for equitable relief to prevent irreparable harm." Chaplaincy of Full Gospel Churches v. England, 454 F.3d 290, 297

(D.C. Cir. 2006) (quoting Wisc. Gas Co. v. FERC, 758 F.2d 669, 674 (D.C. Cir. 1985)).  The injury must also be "both certain and great; it must be actual and not theoretical."  Id. (quoting Wisconsin Gas, 758 F.2d at 674).  Finally, the injury must be "beyond remediation."  Id.

Defendants, citing the events of January 6, 2021, argue that the Court's injunction — which would allow demonstrators to congregate steps from the House and Senate Chambers — could threaten the safety of legislators and other Capitol employees.  See Mot. for Stay at 2–5.  In particular, the Board members explain (now with an admissible declaration) that the injunction will allow demonstrators closer access to the Capitol Building, thus undermining the ability of Capitol Police to respond to an unpredictable crisis, both on the date of certification and throughout this "divisive national election season."  Id. at 4 (quoting ECF No. 128-1 (Decl. of Sean P. Gallagher)).  As both this Court and a judge on the D.C. Circuit have noted, "Defendants unquestionably have a 'compelling interest in the security of the Capitol Building.'"  Mahoney V, 2024 WL 2252178, at *9 (quoting Mahoney v. U.S. Capitol Police Bd., 2022 WL 1177313, at *3 (D.C. Cir. Apr. 15, 2022) (Millett, J., concurring)).  The Court, accordingly, does not take Defendants' warnings lightly and credits their assertions that the injunction creates a substantial risk of serious harm to the Capitol and those who work inside it.

To be sure, Defendants have not shown that such harm is absolutely certain to occur, particularly between now and the election.  They have, however, shown that the risk of injury is significant between the election and the Inauguration and that the consequences would be severe.  And because the harm to Mahoney is so minimal, as will be explained below, the Court will not demand an airtight showing of irreparable injury.  The Board members have therefore sufficiently shown that they face irreparable harm if the Court's injunction remains in place.

C. Harm to Others

The Court now considers the "prospect that others [involved in the litigation] will be harmed if the court grants the stay." Cuomo, 772 F.2d at 974. Mahoney advances two reasons he believes show that he will be harmed by a stay, neither of which the Court finds convincing.

Plaintiff first objects on the ground that, under Defendants' proposed stay, he would not be permitted to demonstrate with large groups — that is, groups of up to thirty people — on the lower Eastern Steps. See ECF No. 130 (Opp.) at 16–17. But Plaintiff is entitled only to relief that would remedy the injuries forming the basis of his lawsuit. Throughout this litigation, and particularly in his stipulated facts, Mahoney has asserted that his principal aim for the lower Eastern Steps is to hold small vigils. See, e.g., 3d Am. Compl., ¶ 81 ("Rev. Mahoney desires to engage in a prayer vigil alone and/or with his wife on the Eastern Plaza immediately in front of the steps to the Senate and the House of Representatives . . . ."); Stip., ¶ 35 ("Rev. Mahoney desires to engage in demonstration activity . . . with his wife and a small group of other people (2–4 others) on the Eastern Steps (below the dividers) and the areas at the base of the steps immediately around them."). Mahoney cannot now raise a new request for relief and claim injury from being denied that relief. The Court is therefore unpersuaded that a stay will injure Mahoney by preventing him from demonstrating with large groups.

Plaintiff next argues that he will be harmed by a stay because the Capitol Police may ask him to identify himself when conducting his demonstrations. See Opp. at 17. Mahoney, however, doth protest too much. The harm associated with proving his identity is negligible, and a *de minimis* harm to the non-movant does not pose an obstacle to granting a stay when there are strong interests weighing in the movant's favor. See Lair v. Bullock, 697 F.3d 1200, 1215 (9th Cir. 2012) (granting stay pending appeal when harm to interested parties "would, at most, be

6

minimal and vastly outweighed by the public interest"); Louisiana *ex rel.* Landry v. Biden, 2022 WL 866282, at *3 (5th Cir. Mar. 16, 2022) (similar); Kifafi v. Hilton Hotels Ret. Plan, 2012 WL 13214321, at *2 (D.D.C. Jan. 19, 2012) (similar).

    D.  Public Interest

The Court must also consider the "public interest in granting the stay." Cuomo, 772 F.2d at 974. "The public interest is a uniquely important consideration in evaluating a request for [a stay]." *In re* Special Proceedings, 840 F. Supp. 2d 370, 376 (D.D.C. 2012) (quoting Nat'l Ass'n of Mfrs. v. Taylor, 549 F. Supp. 2d 68, 77 (D.D.C. 2008)). Because Defendants are government actors whose interests "merge" with the public's, Nken, 556 U.S. at 435, the Court concludes that — while protecting speech is a worthy goal — the public also possesses a significant interest in avoiding harm to the Capitol and the surrounding grounds. As a result, the Court determines that this factor weighs in favor of granting Defendants' proposed stay.

**IV.**    **Conclusion**

For the foregoing reasons, the Court will grant Defendants' Motion to Stay. A separate Order so stating will issue this day.

                                             /s/ *James E. Boasberg*
                                             JAMES E. BOASBERG
                                             Chief Judge

Date: October 16, 2024