IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **REVEREND PATRICK J. MAHONEY,**<br><br>*Plaintiff*,<br><br>v.<br><br>**JENNIFER HEMINGWAY, in her Official Capacity as U.S. Senate Sergeant at Arms and Doorkeeper and Chair, United States Capitol Police Board; WILLIAM P. MCFARLAND, in his Official Capacity as U.S. House of Representatives Sergeant at Arms and Member, United States Capitol Police Board; THOMAS AUSTIN, in his Official Capacity as Architect of the Capitol and Member, United States Capitol Police Board; and J. THOMAS MANGER, in his Official Capacity as Chief of Police, United States Capitol Police and Ex-Officio Member, United States Capitol Police Board,**<br><br>*Defendants*. | Civil Action No. 21-2314 (JEB)<br><br><br><br><br><br>**PLAINTIFF'S MOTION FOR CLARIFICATION REGARDING PARTIAL STAY PENDING APPEAL** |

Plaintiff Rev. Patrick J. Mahoney ("Rev. Mahoney") hereby files this Motion for Clarification regarding the Court's Order entering a partial stay pending appeal in this matter. By this Motion, Rev. Mahoney respectfully seeks entry of an Order clarifying that the partial stay expired by its own terms on January 21, 2025. Defendants oppose this Motion.

In support of this Motion, Rev. Mahoney states as follows:

<u>STATEMENT OF POINTS AND AUTHORITIES</u>

1. On May 17, 2024, the Court entered a Memorandum Opinion granting Rev. Mahoney summary judgment on his claim that the No Demonstration Zone around the United States Capitol was facially unconstitutional under the First Amendment as applied to the lower

1

Eastern Steps. ECF 111. On that same day, the Court entered an injunction prohibiting Defendants from enforcing the No Demonstration Zone on the lower Eastern Steps. ECF 112. On May 28, 2024, the Court entered an amended Memorandum Opinion. ECF 114.

2. On June 14, 2024, Defendants filed a Motion for Reconsideration seeking to limit the injunction to apply to Rev. Mahoney only. ECF 116.

3. On July 31, 2024, the Court entered a Memorandum Opinion denying Defendants' Motion for Reconsideration. ECF 123.

4. On September 5, 2024, Defendants filed a Notice of Appeal. ECF 127.

5. Also on September 5, 2024, Defendants filed a Motion for Partial Stay Pending Appeal. ECF 128.

6. In their Motion for Partial Stay Pending Appeal, Defendants asserted that they sought a stay of the Court's injunction "as to nonparties during the pendency of Defendants' appeal in order to permit Defendants to prohibit demonstration activity other than Plaintiff's on the Eastern Steps *through the President's Inauguration in January 2025*." *Id.* at 1 (emphasis added). In support of their Motion, Defendants argued that the stay was justified, in part, because the Nation was preparing to enter "a divisive election season" that would culminate when the "President [is] inaugurated on January 20, 2025." *Id.* at 4.[1]

7. On October 16, 2024, the Court granted Defendants' Motion. ECF 135. In its Memorandum Opinion, and consistent with the relief Defendants' sought, the Court noted that Defendants sought a stay "*only until the Inauguration of the President in January 2025*." *Id.* at 3 (emphasis added). The Court concluded that Defendants had demonstrated a partial stay pending

---

[1] While Defendants asserted that their proposed stay applied only to "nonparties," this assertion was incorrect. The proposed stay would also prohibit Rev. Mahoney from conducting demonstration activity on the lower Eastern Steps in groups larger than four other people.

appeal was appropriate because they had shown there was a sufficient risk of harm "between the election and the Inauguration." *Id.* at 5.

8. Also on October 16, 2024, the Court entered an Order granting the Motion. ECF 134. The Order modified the Court's injunction against Defendants' enforcement of the No Demonstration Zone to apply only when Rev. Mahoney was engaged in demonstration activity with up to four others on the lower Eastern Steps. *Id.* In other words, under the Order, only Rev. Mahoney is allowed to conduct demonstration activity on the lower Eastern Steps, and he is only allowed to do so with up to four other people, but no more.

9. While the Court's *Memorandum Opinion* expressly noted that the Motion sought relief only through the Inauguration, the *Order* did not specifically so state.

10. Rev. Mahoney wishes to conduct demonstration activity on the lower Eastern Steps in groups of larger than four other people. *See* Declaration of Rev. Patrick Mahoney, dated September 19, 2024 (ECF 130-1), ¶ 10. Based on Defendants' representation in the Motion that they sought a stay only through the Presidential Inauguration—and the Court's acknowledgment of that limitation in its Memorandum Opinion granting the stay—Rev. Mahoney interprets the Order to mean that the stay lifted by its own terms on January 21, 2025, and that he, like everyone else, is now authorized to conduct demonstration activity on the lower Capitol Steps in groups of thirty people or fewer.

11. The undersigned communicated with counsel for Defendants regarding Defendants' position on the matter. Counsel for Defendants informed the undersigned that Defendants' position is that the stay remains in effect and will remain in effect until their appeal is resolved.

12.     Rev. Mahoney wishes to abide by the Court's Orders while continuing to exercise his rights to the full extent permissible under those Orders. Because of this dispute regarding the scope and terms of the Order granting Defendants' Motion for Partial Stay Pending Appeal—and because this dispute is impacting Rev. Mahoney's (and others') exercise of his First Amendment rights—Rev. Mahoney respectfully seeks clarification regarding the scope and terms of the stay pending appeal.

## CONCLUSION

For the foregoing reasons, Rev. Mahoney respectfully requests that the Court enter an Order granting this Motion and clarifying that the partial stay pending appeal expired by its own terms on January 21, 2025.

January 29, 2025

Respectfully submitted,

By:/s/*Joshua Wallace Dixon*
Joshua Wallace Dixon*
Eric A. Sell
(D.C. Bar ID: 1742565)
CENTER FOR AMERICAN LIBERTY
1311 S. Main Street, Suite 207
Mount Airy, MD 21771
(703) 687-6200

*Counsel for Plaintiff Patrick J. Mahoney*
**Admitted pro hac vice*