**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

PATRICK J. MAHONEY,

    **Plaintiff,**

      **v.**

UNITED STATES CAPITOL POLICE
BOARD, *et al.*,

    **Defendants.**

**Civil Action No. 21-2314 (JEB)**

## ORDER

On May 17, 2024, this Court granted Plaintiff Patrick J. Mahoney a permanent injunction permitting him to demonstrate on the lower portion of the Capitol's Eastern Steps. See ECF Nos. 111 (Summary Judgment Order), 112 (Summary Judgment Mem. Op.). It subsequently awarded a partial stay of the ruling pending appeal to Defendants, the individual members of the U.S. Capitol Police Board. See ECF Nos. 134 (Stay Order), 135 (Stay Mem. Op.). Mahoney has now filed a Motion for Clarification, seeking a ruling that the Court's "partial stay expired by its own terms on January 21, 2025." ECF No. 136 (Mot.) at 1. Plaintiff points out that the Court's "Memorandum Opinion expressly noted that the Motion [for a Partial Stay] sought relief only through the Inauguration" but that "the Order did not specifically so state." Id., ¶ 9. He contends that the stay should have thus automatically expired on January 21, the day after the Presidential Inauguration. Id., ¶ 10. Defendants rejoin that Plaintiff "attempt[s] to re-write this Court's . . . Order" and insist that the stay should remain in place until their appeal of the injunction is resolved. See ECF No. 138 (Opp.) at 1. The Court sides with Plaintiff.

In its Memorandum Opinion, the Court noted that "Defendants seek a stay . . . only until

1

the Inauguration of the President in January 2025" and that they had "shown that the risk of injury is significant between the election and the Inauguration." Stay Mem. Op. at 3, 5. Those time-limited comments echoed Defendants' own assertions. See, e.g., ECF No. 128 (Stay Mot.) at 1 (seeking stay "in order to permit Defendants to prohibit demonstration activity other than Plaintiff's on the Eastern Steps through the President's Inauguration in January 2025") (emphasis added). Concluding that Defendants had satisfied the stay factors, the Court granted their Motion. See Stay Mem. Op. at 7; Stay Order. It did not include a temporal restriction in its Order, instead stating only that the injunction was "modified to apply only to Plaintiff and up to four others demonstrating with him." Stay Order (capitalization altered).

Although the Court acknowledges that its Order could have been more specific, the Memorandum Opinion makes clear that Defendants' claims of harm — and therefore the relief to which they were entitled — was limited to the period leading up to the Inauguration. The Court thus agrees with Mahoney that its partial stay expired on January 21, 2025. In their Opposition, Defendants hang their hat largely on their belief that significant security threats persist, even after the Inauguration. See Opp. at 4–6. That may well be true. But if Defendants wish to seek a stay on that basis, the proper course is to file a new Motion to Stay, not to bootstrap their current concerns onto a now-obsolete remedy.

The Court accordingly ORDERS that:

    1. The Motion is GRANTED; and

    2. The stay is LIFTED.

*/s/ James E. Boasberg*
JAMES E. BOASBERG
Chief Judge

Date:  March 14, 2025